IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT J. ESQUIVEL, | § § | |
| *Plaintiff,* | § § § | SA-20-CV-00377-OLG |
| vs. | § § § | |
| DAVID KENDRICK, BADGE #0567, PATROL DIVISION, SAN ANTONIO POLICE DEPARTMENT; TROOPER FNU EASTBURN, #14720, TEXAS DEPARTMENT OF PUBLIC SAFETY; TROOPER FNU BIBBY, #14593, TEXAS DEPARTMENT OF PUBLIC SAFETY; TROOPER FNU WINDGATE, #13157, TEXAS DEPARTMENT OF PUBLIC SAFETY; SAN ANTONIO POLICE DEPARTMENT, TEXAS HIGHWAY PATROL DEPARTMENT OF PUBLIC SAFETY, | § § § § § § § § § § § § § § | |
| *Defendants.* | § § | |

## **ORDER**

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint, filed March 24, 2020 [#1]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motion, Plaintiff seeks leave to proceed in forma pauperis ("IFP") based on an inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP but order Plaintiff to file a more definite statement regarding his factual allegations in this case before allowing service of his proposed Complaint on Defendants.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is unemployed, has three dependents, owes $300 in child support each month, has received less than $10,000 in income in the last 12 months, and carries significant additional debts. The information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

## II. More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2] *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's proposed Complaint names various officers of the San Antonio Police Department and the Texas Department of Public Safety as Defendants. Plaintiff alleges that these individuals subjected him to an unlawful arrest and illegal search and seizure on April 29, 2018. Plaintiff advances various

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous or fails to state a claim but is not required to screen non-prisoner cases at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

constitutional claims under Section 1983, such as a violation of his First Amendment right to free speech, Fourth Amendment right to be free from unlawful search and seizure, Fifth Amendment right to due process, Eighth Amendment right to be free from cruel and unusual punishment, and Fourteenth Amendment right to equal protection. Yet aside from complaining generally of an arrest, the seizure of his property, and property damage to his passenger window, Plaintiff does not provide facts as to the unlawful actions taken by each Defendant. In order to determine whether Plaintiff has alleged a plausible claim for a violation of his constitutional rights under Section 1983, the Court will order Plaintiff to file a more definite statement clarifying the factual allegations underlying this lawsuit.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff. Service upon Defendant should be withheld pending this Court's review under § 1915(e).

**IT IS FURTHER ORDERED** that **within 21 days of this Order (on or before April 21, 2020)**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court. Plaintiff is reminded to keep his statement **"short and plain,"** detailing only the facts relevant to his claims. *See* Fed. R. Civ. P. 8(a)(2). In this More Definite Statement, Plaintiff must address the following questions:

1. Please provide a brief summary of your arrest on April 29, 2018. Why were you initially stopped? What happened upon the initial traffic stop? How did this stop become an arrest? Which officers were involved? Were you taken to the police station? Were you jailed? If so, for how long and under what conditions?

2. You allege damage to your property and vehicle. Please describe in more detail what happened that caused the damage to your property and vehicle and which officers were involved. What did each involved officer do that caused the damage?

3. You allege cruel and unusal punishment. Your motion indicates you are not currently incarcerated. When were you released from jail? Were you ever charged formally with a crime related to your arrest? If so, what was the crime and how was the charge resolved? Were you sentenced for a crime? Did you ever serve time in a jail or prison as part of a sentence? Please describe what you believe to be the cruel and unusual punishment to which you were subjected.

4. You allege a violation of your right to free speech? How was your speech limited? Which officers took actions that limited your right to free speech?

5. You allege a violation of due process? What process do you allege you were entitled to receive but did not? Which officers were involved in this claim?

6. Please list each of the named officers in your Complaint and describe in several sentences all the acts each officer did that were wrongful and how they caused you injury.

Plaintiff shall include the following declaration at the end of his more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this day of 2020.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

**IT IS SO ORDERED.**

SIGNED this 31st day of March, 2020.

                                                  ELIZABETH S. ("BETSY") CHESTNEY
                                                  UNITED STATES MAGISTRATE JUDGE