IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT J. ESQUIVEL, | § | |
| *Plaintiff,* | § § § | SA-20-CV-00377-OLG |
| vs. | § § | |
| DAVID KENDRICK, BADGE #0567, PATROL DIVISION, SAN ANTONIO POLICE DEPARTMENT; TROOPER FNU EASTBURN, #14720, TEXAS DEPARTMENT OF PUBLIC SAFETY; TROOPER FNU BIBBY, #14593, TEXAS DEPARTMENT OF PUBLIC SAFETY; TROOPER FNU WINDGATE, #13157, TEXAS DEPARTMENT OF PUBLIC SAFETY;  SAN ANTONIO POLICE DEPARTMENT,  TEXAS HIGHWAY PATROL DEPARTMENT OF PUBLIC SAFETY, | § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court is the above-styled cause of action, which was automatically referred to the undersigned upon filing for an order on Plaintiff's Motion to Proceed *In Forma Pauperis* and for a review for frivolousness prior to permitting service of Plaintiff's Complaint on Defendants. *See* 28 U.S.C. § 1915(e)(2)(B).  The undersigned granted Plaintiff's motion to proceed *in forma pauperis* but ordered Plaintiff to file a more definite statement clarifying the factual allegations underlying this suit.  Plaintiff filed his More Definite Statement on May 12, 2020 [#7].  Reading Plaintiff's Complaint and More Definite Statement together, the undersigned finds Plaintiff has alleged at least one nonfrivolous claim warranting service of his Complaint on Defendants.

Plaintiff's Complaint names the San Antonio Police Department, the Texas Highway Patrol Department of Public Safety, and various officers of these departments as Defendants.

Plaintiff alleges that these individuals subjected him to an unlawful arrest and illegal search and seizure on April 29, 2018 following a purported traffic stop. Plaintiff advances various constitutional claims under 42 U.S.C. § 1983 related to his rights to free speech, due process, and equal protection, and the right to be free from excessive force, unlawful search and seizure, and cruel and unusual punishment. Plaintiff complains of being wrongfully detained for ten months in the Bexar County Jail on a charge of evading arrest, which was ultimately dismissed on March 18, 2019. His More Definite Statement also references additional claims of defamation, slander, and intentional infliction of emotional distress.

At least some of Plaintiff's claims appear to be timely under the governing statute of limitations. The statute of limitations governing claims arising under Section 1983 is two years. *Owens v. Okure*, 488 U.S. 235, 240–41 (1989) (explaining that federal courts apply state's personal-injury limitations period to govern claims under Section 1983); Tex. Civ. Prac. & Rem. Code § 16.003(a) (establishing two-year limitations period for personal-injury actions). Plaintiff filed this lawsuit on March 24, 2020, within two years of his arrest and detention.

Although some of Plaintiff's claims under Section 1983, such as his free speech claim, are wholly unsupported by the facts alleged in his pleadings, Plaintiff alleges potentially cognizable claims that he was subjected to an unlawful search, seizure, and arrest and wrongfully detained as a result of malicious prosecution. Under Texas law, a cause of action for malicious prosecution accrues when the criminal prosecution ends, i.e., when criminal proceedings against the accused are terminated. *Torres v. GSC Enterprises, Inc.*, 242 S.W.3d 553, 561 (Tex. App.—El Paso 2007, no pet.); *Patrick v. Howard*, 904 S.W.2d 941, 943 (Tex. App.—Austin 1995, no writ). The Fifth Circuit has applied the same accrual analysis to malicious prosecution claims arising under Section 1983. *See Eugene v. Alief I.S.D.*, 65 F.3d 1299, 1306 (5th Cir. 1995).

Plaintiff alleges that the criminal charges against him were dismissed on March 18, 2019. Although a Texas claim of malicious prosecution, which is subject to a one-year limitations period, would likely be time barred, a claim for malicious prosecution under Section 1983 would not be. Because at least some of Plaintiff's claims are not time barred and Plaintiff alleges facts to support some of his constitutional claims, the Court will order that Plaintiff's Complaint be served on the named Defendants in this lawsuit.

**IT IS THEREFORE ORDERED** that, if not already accomplished, within ten (10) days of the date of this Order, Plaintiff shall submit to the Clerk's Office a fully completed United States Marshal Service Form 285, including fully complete addresses, for each Defendant required to be served and the United States Marshal's Service shall serve each Defendant with a copy of the Complaint and a copy of this order by certified mail, return receipt requested.

SIGNED this 25th day of May, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE