IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT J. ESQUIVEL, | § § | |
| *Plaintiff,* | § § § | SA-20-CV-00377-OLG |
| vs. | § § § | |
| DAVID KENDRICK, BADGE #0567, PATROL DIVISION, SAN ANTONIO POLICE DEPARTMENT; TROOPER FNU EASTBURN, #14720, TEXAS DEPARTMENT OF PUBLIC SAFETY; TROOPER FNU BIBBY, #14593, TEXAS DEPARTMENT OF PUBLIC SAFETY; TROOPER FNU WINDGATE, #13157, TEXAS DEPARTMENT OF PUBLIC SAFETY;  SAN ANTONIO POLICE DEPARTMENT,  TEXAS HIGHWAY PATROL DEPARTMENT OF PUBLIC SAFETY, | § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendants' Rule 12(b)(6) Motion to Dismiss [#15] and Plaintiff's Rule 11(c)(1) Motion to Sanction Defendant [#21]. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#13]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendants' motion be **GRANTED** and Plaintiff's motion be **DENIED**.

1

## I. Background

Plaintiff, proceeding *pro se*, filed this action against the San Antonio Police Department ("SAPD"), the Texas Highway Patrol Department of Public Safety ("DPS"), and various officers of these departments (Officers Kendrick and Troopers Eastburn, Bibby, and Windgate), alleging that he was subjected to an unlawful arrest and illegal search and seizure on April 29, 2018 following a purported traffic stop.  Plaintiff's original Complaint [#4] advances various constitutional claims under 42 U.S.C. § 1983 related to his rights to free speech, due process, and equal protection, and the right to be free from excessive force, unlawful search and seizure, and cruel and unusual punishment.  Plaintiff complains of being wrongfully detained for ten months in the Bexar County Jail on a charge of evading arrest, which was ultimately dismissed on March 18, 2019.  After reviewing Plaintiff's Complaint, the Court ordered Plaintiff to file a More Definite Statement prior to permitting service of his Complaint on any Defendant.  Plaintiff's More Definite Statement [#7] references additional claims of defamation, slander, and intentional infliction of emotional distress.

The Court concluded that Plaintiff had pleaded at least one non-frivolous claim and permitted service of his Complaint.  Plaintiff subsequently filed an Amended Complaint [#10], indicating his addition of the United States of America as a Defendant and adding allegations related to the practice of strip searching inmates at the Bexar County Detention Center without cause and referencing class actions challenging such practices on constitutional grounds.

Thereafter, Defendants David Kendrick and SAPD (hereinafter "Defendants") filed the motion to dismiss that is the subject of this report and recommendation.  Plaintiff moved for an extension of time to respond to the motion, which the Court granted, making his response due on or before September 2, 2020.  On September 1, 2020, the Court received correspondence from

Plaintiff [#20].  Although this correspondence does not address the merits of Defendants' motion to dismiss, the undersigned has considered its contents in issuing this report and recommendation.

One of the other four Defendants—DPS—has been served but has not answered or otherwise responded to this lawsuit.  The remaining three defendants—Troopers Eastburn, Bibby, and Windgate—have not been served.  The record reflects that summonses were issued as to the Trooper defendants on June 10, 2020, for service by the United States Marshals Service via certified mail.  However, the summonses were returned unexecuted as undeliverable as addressed.  The Court will address this issue by separate Order.

On September 2, 2020, the Court received Plaintiff's Rule 11(c)(1) Motion to Sanction Defendant.  In this motion, Plaintiff argues that the Court should sanction Defendants for filing their motion to dismiss after the Court already found that Plaintiff's pleadings stated at least one nonfrivolous claim and permitted service on the defendants named in this lawsuit.  The Court should deny Plaintiff's motion.  Pursuant to 28 U.S.C. § 1915(e), the Court has discretion to dismiss a case filed by an individual proceeding *pro se* at any time in the course of the litigation by screening the case for frivolousness or the failure to state a claim upon which relief can be granted.  The Court declined to exercise this discretion and permitted service of Plaintiff's Complaint based on the conclusion that Plaintiff had stated at least one non-frivolous claim against someone named in this lawsuit.  The Court's previous order did not state which claim was found to be non-frivolous and did not specifically address any of Plaintiff's claims against SAPD and Officer Kendrick, the Defendants now seeking dismissal.  Additionally, an order permitting service of pleadings after an initial screening under Section 1915(e) does not prevent any defendant from seeking dismissal on any ground set forth in Rule 12 of the Federal Rules of

Civil Procedure. Through such a motion, a defendant may raise a defense, such as the qualified immunity defense raised in Defendants' motion, that is not before the Court during its initial screening for frivolousness. Defendants' actions in seeking dismissal of Plaintiff's claims under Rule 12(b)(6) is not sanctionable conduct under Rule 11, as it is not a frivolous filing or a filing being presented for an improper purpose. *See* Fed. R. Civ. P. 11(b), (c)(1). The Court should deny Plaintiff's motion and consider the merits of Defendants' motion to dismiss. For the reasons set forth below, the Court will recommend that Defendants' motion be granted and Plaintiff's claims against SAPD and Officer Kendrick be dismissed.

## II.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*,

836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).  In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief.  *See Twombly*, 550 U.S. at 570.

This Court is mindful that in evaluating the merits of Defendants' motion to dismiss, a court views Phillips's *pro se* pleadings under a less stringent standard than those drafted by an attorney.  *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).  As a result, Phillips's filings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from these pleadings.  *See id.*

### III. Analysis

Plaintiff's pleadings appear to allege causes of action under 42 U.S.C. § 1983 for the following constitutional violations and state law tort claims:  (1) violation of his Fourth Amendment right to be free from unlawful search, seizure, and arrest during a traffic stop; (2) violation of his Fourth Amendment right to be free from excessive force during this seizure; (3) violation of his Eighth Amendment right to be free from cruel and unusual punishment; (4) violation of his Fifth Amendment rights based on a failure of arresting officers to follow police procedures during his arrest; (5) violation of his First Amendment right to free speech; (6) malicious prosecution; (7) intentional infliction of emotional distress; and (8) defamation and slander.  Defendants Kendrick, proceeding in his individual and official capacity, and SAPD seek dismissal of all of the claims asserted against them in this lawsuit.

A. **Plaintiff's claims against SAPD should be dismissed.**

SAPD seeks dismissal of Plaintiff's claims on the basis that it has not been granted jural authority to be sued and does not have a separate legal existence from the City of San Antonio.

The capacity to be sued is governed by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). Therefore, in order to sue a city department in this court, that department "must enjoy a separate legal existence," meaning that it must be a "separate and distinct corporate entity" under Texas law. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (internal citations omitted). If the city itself has not granted the agency at issue jural authority to be sued, it may not sue or be sued. *Id.*

Defendants direct the Court to several cases addressing the question of whether the City of San Antonio has granted SAPD with separate jural authority to be sued. *See Lone Star Chapter Paralyzed Veterans of Am. v. City of San Antonio*, No. SA-10-CV-0316-XR, 2010 WL 3155243, at *1 (W.D. Tex. Aug. 5, 2010); *Martin v. City of San Antonio*, No. SA-05-CA-0020-XR, 2006 WL 2062283, at *2 n.2 (W.D. Tex. Jul. 25, 2006). In *Lone Star*, Judge Rodriguez examined San Antonio's City Charter, which indicates that the city is a "home-rule municipality" under Texas Law, allowing for the provision of a police department. 2010 WL 3155243, at *1 (quoting *Burch v. City of San Antonio*, 518 S.W.2d 540, 543 (Tex. 1975); Tex. Const. art. XI, § 5; Tex. Loc. Gov't Code §§ 5.004, 341.003). "San Antonio created the police department as a department of the city government." *Id.* (citing San Antonio Charter, art. V, § 50(3)). The city also "reserved to itself the general powers of a home-rule city" with "all municipal powers," including a specific grant to "sue and be sued." *Id.* (citing San Antonio Charter, § 3, para. 1). There is no similar grant of authority to SAPD. *Id.* Because SAPD lacks jural authority to sue and be sued, it must be dismissed from this lawsuit.

However, when a suit is brought against a city department that is not granted jural authority, courts may construe the claim to be brought against the city. *See id.* at *2. But even construing Plaintiff's claims as against the City of San Antonio, as opposed to SAPD, Plaintiff's

claims fail as a matter of law, as discussed *infra* with respect to Plaintiff's official capacity claims against Officer Kendrick.

## B. Plaintiff's claims against Officer Kendrick in his official capacity should also be dismissed.

Insofar as Plaintiff is suing Officer Kendrick in his official capacity as an officer with SAPD, these claims should be dismissed. An official-capacity suit is simply another way of pleading an action against an entity of which an officer is an agent, here the City of San Antonio. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978). The majority of Plaintiff's claims arise under Section 1983. Section 1983 provides a cause of action against "[e]very person" who, acting under color of state law, has deprived a person of a federally protected statutory or constitutional right. 42 U.S.C. § 1983. Under Section 1983, municipalities and other such governmental units are considered "persons" subject to liability. *Monell*, 436 U.S. at 691 (local government entities are persons subject to suit under Section 1983); *De La O v. Hous. Auth. of the City of El Paso*, 417 F.3d 495, 503 (5th Cir. 2005) (claims against municipal housing authority treated as claims against municipality itself). "By including municipalities within the class of 'persons' subject to liability for violations of the Federal Constitution and laws, Congress—the supreme sovereign on matters of foreign law—abolished whatever vestige of the State's sovereign immunity the municipality possessed." *Owen v. City of Indep., Mo.*, 445 U.S. 622, 648 (1980).

However, only an official policy or custom of the City could expose it to liability for a violation of Plaintiff's constitutional rights; *respondeat superior* liability for the acts of municipal employees is not available. *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). Municipal liability under 42 U.S.C. § 1983 requires proof of (1) a policymaker; (2) an official policy; and

7

(3) a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694.

Regardless of whether Plaintiff states a plausible claim for a violation of his constitutional rights, his Section 1983 claims against Officer Kendrick in his official capacity must be dismissed because Plaintiff has not alleged any facts that suggest that an identified City policymaker enacted a policy that is the moving force behind any such violation. Plaintiff's pleadings allege that he was stopped for a traffic violation by two DPS troopers, one on each side of his vehicle. (More Definite Statement [#7] at 4.) DPS troopers are state officials, not City officials, and so the allegations against them cannot give rise to the City's liability. Plaintiff claims the DPS trooper on the driver side had his weapon drawn and pointed it directly at Plaintiff's face. (*Id.*) Plaintiff further alleges that the officers ignored his attempts to inform the officer that he was on the phone with 911 dispatch at the time of the traffic stop providing "the reasons for his actions." (*Id.*) According to Plaintiff, the officer grabbed the phone out of his hand, threw it to the ground, then proceeded to physically force Plaintiff to the ground. (*Id.* at 5.) At this same time, the officer on the passenger side of the car allegedly broke the passenger window. (*Id.*) Plaintiff claims neither officer provided any reason for the use of excessive force or gave any reason for the traffic stop. (*Id.*) Even if all of these allegations are true, they do not support a claim against the City, as the troopers do not act pursuant to City policy.

Plaintiff alleges that the police report regarding the above incident was written by Defendant Kendrick and represented that the arrest was based on probable cause, but an article written by a local San Antonio news station indicated the arrest was due to "a warrant for unlawful carry." (More Definite Statement [#7] at 6.) Plaintiff claims he was taken to the San Antonio Detention Center upon his arrest but later transferred to the Bexar County Jail System

where he was detained for 10 months and 20 days, during which his detention was based on a combination of GPS monitoring and physical detention. (*Id.* at 6–7.) During his detention at the Bexar County Detention Center, Plaintiff alleges he was subjected to unwarranted strip searches every two to three weeks, along with hundreds, if not thousands, of other inmates. (Am. Compl. [#10] at 4–6.) Plaintiff alleges he was released from custody on March 18, 2019, after his formal charge for evading arrest with a vehicle was dismissed. (*Id.* at 8.) He does not make any allegations of mistreatment while he was in the City's facility (the San Antonio Detention Center).

Plaintiff's only allegations regarding Officer Kendrick of SAPD are that Officer Kendrick authored the police report, stating that the reason for the initial stop was a traffic violation and that Kendrick was the "official arresting officer." (*Id.* at 3; Compl. [#4] at 6.) The only allegation in his pleadings that concerns a pattern, practice, custom, or policy is the allegation that Bexar County Detention Center had a practice of subjecting its inmates to unwarranted strip searches. These allegations, therefore, concern an alleged Bexar County policy, not a policy, practice, or custom of the City. Because Plaintiff has failed to allege facts that would implicate the municipal liability of the City of San Antonio, Plaintiff's official-capacity claims against Officer Kendrick must be dismissed.

**C.      Plaintiff's Texas intentional tort claims against Officer Kendrick must be dismissed.**

Plaintiff alleges various intentional tort claims against Officer Kendrick—malicious prosecution, intentional infliction of emotional distress, defamation, and slander. Insofar as Plaintiff is asserting these claims against Plaintiff in his official capacity, these claims must be dismissed. "The Texas Tort Claims Act provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages." *Mission Consol. Indep. Sch. Dist.*

9

*v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) (citing Tex. Civ. Prac. & Rem. Code § 101.023). A municipality is a political subdivision of the State. Tex. Civ. Prac. & Rem. Code § 101.001(3)(B). Whether a municipality is afforded governmental immunity depends on whether the municipality is performing a governmental or proprietary function. *See City of Houston v. Sw. Concrete Const., Inc.*, 835 S.W.2d 728, 729 (Tex. App.—Houston [14th Dist.] 1992, writ denied). Governmental functions are "those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public." Tex. Civ. Prac. & Rem. Code § 101.0215(a). Proprietary functions are "those functions that a municipality may, in it discretion, perform in the interest of the inhabitants of the municipality." *Id.* at § 101.0215(b). Texas municipalities are only immune for their governmental, not their proprietary, functions. *Tex. River Barges v. City of San Antonio*, 21 S.W.3d 347, 356 (Tex. App.—San Antonio 200, pet denied). One of the governmental functions listed by Texas statute is "police and fire protection and control." Tex. Civ. Prac. & Rem. Code § 101.0215(a)(1). Accordingly, even assuming the City of San Antonio or Officer Kendrick in his official capacity committed a tort while engaged in the function of policing, the City's liability would be determined by the Texas Tort Claims Act.

The Texas Tort Claims Act's waiver of immunity does not extend to claims arising out of intentional torts. *See* Tex. Civ. Prac. & Rem. Code § 101.057 (excluding waiver for a claim "arising out of assault, battery, false imprisonment, or any other intentional tort"); *Morgan v. City of Alvin*, 175 S.W.3d 408, 418 (Tex. App.—Houston [14th Dist.] 2004, no pet.). All of Plaintiff's alleged tort claims fall under the category of intentional torts and therefore must be dismissed due to the immunity of the City of San Antonio. *See Casanova v. City of Brookshire*, 119 F. Supp. 2d 639, 666 (S.D. Tex. 2000) (intentional torts of intentional infliction of emotional

distress, false arrest, and malicious prosecution do not fall under Tort Claims Act's limited waiver of sovereign immunity); *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (defamation and slander are intentional torts).

**D.     Plaintiff's Texas tort claims against Officer Kendrick in his individual capacity should also be dismissed.**

The Texas Tort Claims Act contains an election-of-remedies provision, which requires a plaintiff to choose who to sue—the governmental entity or its employee. Tex. Civ. Prac. & Rem. Code § 101.106(f). In some cases, the Act dictates that a plaintiff bring suit against the governmental entity, even when sovereign immunity has not been waived. *Id.* Section 101.106(f) provides that "if suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment, and it could have been brought against the governmental unit . . . on the employee's motion, the suit against the employee shall be dismissed unless the Plaintiff substitutes the governmental unit." *Id.*; *see also Franka v. Velasquez*, 332 S.W.3d 367, 369–85 (Tex. 2011). This section was intended to "foreclose suit against a governmental employee in his individual capacity if he was acting within the scope of his employment." *Franka*, 332 S.W.3d at 381. The Texas Supreme Court has interpreted the language "could have been brought" to include all tort claims, including intentional torts, regardless of the fact that the Texas Tort Claims Act's immunity waiver does not apply for intentional torts and therefore bars suit against the governmental unit. *Id.* at 385. Under these precedents, Plaintiff's intentional tort claims against Officer Kendrick in his individual capacity must be dismissed.

### E. Plaintiff's claims arising under Section 1983 against Officer Kendrick in his individual capacity should also be dismissed.

Again, Plaintiff's Section 1983 claims allege violations of the First, Fourth, Fifth, and Eighth Amendments. All of these claims against Officer Kendrick fail as a matter of law and should be dismissed. Insofar Plaintiff is attempting to allege a malicious prosecution claim against Officer Kendrick pursuant to Section 1983, this claim also fails as a matter of law.

    i.    Fifth Amendment

The Fifth Amendment to the Constitution provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." Yet this protection attaches only when the federal government seeks to deny a liberty or property interest. *Knoetze v. U.S. Dep't of State*, 634 F.2d 207, 211 (5th Cir. 1981). Plaintiff cannot sue Officer Kendrick in his individual capacity for a violation of the Fifth Amendment, as he is not a federal actor. And, although the Fourteenth Amendment's due process clause does apply to municipalities, *see Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996), Plaintiff has not pleaded any allegations against Officer Kendrick upon which a procedural due process or substantive due process claim could be based. Plaintiff only alleges that Officer Kendrick was the officer who authored the police report regarding his arrest and was the arresting officer. Plaintiff does not allege that Officer Kendrick deprived him of his right to procedural due process in completing the police report and arrest that ultimately led to formal charges. The substantive component of the due-process clause also does not provide protection from criminal prosecution without probable cause. *Albright v. Oliver*, 510 U.S. 266, 274–75 (1994).

    ii.    Eighth Amendment

Plaintiff also cannot sue Officer Kendrick in his individual capacity for a violation of the Eighth Amendment because the Eighth Amendment only provides protection to convicted

prisoners. *Morin*, 77 F.3d at 120. Plaintiff alleges that he was charged and detained but never convicted. The procedural and substantive due process guarantees of the Fourteenth Amendment, however, protect the constitutional rights of pretrial detainees like Plaintiff. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979). Plaintiff does allege he was subjected to certain conditions in the Bexar County Detention Center that violated his constitutional rights. However, Officer Kendrick is not involved in those allegations. Plaintiff fails to state a claim under the Eighth Amendment or Fourteenth Amendment against Officer Kendrick.

      iii.    <u>Malicious Prosecution</u>

It is unclear whether Plaintiff is asserting a malicious prosecution claim based on Texas law or also attempting to bring such a claim pursuant to Section 1983. Insofar as Plaintiff is pursuing this cause of action under Section 1983, this claim also fails as a matter of law. The Supreme Court has stated that a Section 1983 claim based solely on malicious prosecution, without more, is not cognizable as "causing charges to be filed without probable cause [does] not without more violate the Constitution." *Castellano v. Frago*, 352 F.3d 939, 953 (5th Cir. 2003). Any malicious prosecution claim against Officer Kendrick in his individual capacity must also be dismissed.

      iv.    <u>Fourth Amendment</u>

Plaintiff alleges that Defendants violated his Fourth Amendment rights to be free from an unreasonable search, seizure, and arrest and excessive force during his encounters with law enforcement. Officer Kendrick invokes qualified immunity as a defense to Plaintiff's individual-capacity claims under the Fourth Amendment. Qualified immunity shields federal and state officials from individual liability for civil damages unless a plaintiff pleads facts showing (1) that

13

the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

In the context of a qualified immunity analysis, the facts are construed in the light most favorable to the party asserting the injury. *Austin v. Johnson*, 328 F.3d 204, 207 (5th Cir. 2003) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). A right is clearly established for purposes of the second step of the qualified-immunity analysis if it would be clear to a reasonable official, at the time of the challenged conduct, that his or her conduct violated the statutory or constitutional right at issue. *Saucier*, 533 U.S. at 206. Stated another way, a right is clearly established if "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

The Supreme Court has repeatedly admonished lower courts not to define clearly established law at a high level of generality. *See, e.g.*, *al-Kidd*, 563 U.S. at 742. Rather, the inquiry must be undertaken in light of the specific factual context of the case. *Mullenix v. Luna*, --U.S.--, 136 S. Ct. 305, 308 (2015). The dispositive question is "whether the violative nature of particular conduct is clearly established." *Al-Kidd*, 563 U.S. at 742. Lower courts have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

At the motion-to-dismiss stage, as here, the Fifth Circuit requires plaintiffs invoking Section 1983 to plead "specific facts that, if proved, would overcome the individual defendant's immunity defense." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 620 (5th Cir. 1992) (internal quotation and citation omitted). Accordingly, to rebut the qualified immunity of Officer Kendrick, Plaintiff must allege facts that, if proved, establish that Officer Kendrick

violated Plaintiff's clearly established constitutional rights. *Saucier*, 533 U.S. at 206. He has failed to do so.

Again, the only facts Plaintiff includes in his pleadings related to Officer Kendrick is that he authored the police report stating that Plaintiff was stopped initially related to a traffic stop and that Officer Kendrick was the "official arresting officer." Plaintiff does not allege any acts from which the Court could reasonably infer that Officer Kendrick was the officer who actually stopped Plaintiff, who seized Plaintiff, who searched Plaintiff's vehicle, or who exerted any force on Plaintiff. Nor does Plaintiff explain why he believes any officer lacked probable cause to stop him for a traffic stop. Plaintiff also failed to address Defendants' qualified immunity defense in his response to their motion to dismiss. Plaintiff has therefore failed to plead sufficient facts to overcome Officer Kendick's defense of qualified immunity.

     v.     <u>First Amendment</u>

Plaintiff's pleadings also reference the violation of his First Amendment right to freedom of speech and peaceful assembly. (Compl. [#4] at 4.) Defendants do not address this claim in their motion to dismiss. However, the Court may *sua sponte* dismiss a claim on its own motion so long as the plaintiff has notice and an opportunity to respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (internal citation and quotation omitted). Plaintiff's pleadings, construed liberally, do not allege any facts that could support a plausible claim that Officer Kendrick violated his First Amendment rights to free speech and assembly. And any claim against SAPD for a violation of the First Amendment pursuant to Section 1983 should also be dismissed for the reasons stated *supra* at Section III.B. for failure to allege the City's municipal liability under *Monell*. If Plaintiff has omitted facts from his three pleadings on file that support his First Amendment claim against Officer Kendrick, Plaintiff may inform the

15

District Court of these allegations and make any arguments against dismissal by filing objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1).

## IV.  Conclusion and Recommendation

Having considered Defendants' motion, Plaintiff's response, Plaintiff's Complaint, More Definite Statement, and Amended Complaint, and the governing law, the undersigned recommends that Plaintiff's Rule 11(c)(1) Motion to Sanction Defendant [#21] be **DENIED**; Defendants' Rule 12(b)(6) Motion to Dismiss [#15] be **GRANTED**; and all of Plaintiff's claims against Defendants Kendrick and SAPD be dismissed.

## V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained

in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 4th day of September, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE