IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT J. ESQUIVEL, | § § § | |
| *Plaintiff,* | § § | SA-20-CV-00377-OLG |
| vs. | § § § | |
| DAVID KENDRICK, BADGE #0567, PATROL DIVISION, SAN ANTONIO POLICE DEPARTMENT; TROOPER FNU EASTBURN, #14720, TEXAS DEPARTMENT OF PUBLIC SAFETY; TROOPER FNU BIBBY, #14593, TEXAS DEPARTMENT OF PUBLIC SAFETY; TROOPER FNU WINDGATE, #13157, TEXAS DEPARTMENT OF PUBLIC SAFETY;  SAN ANTONIO POLICE DEPARTMENT,  TEXAS HIGHWAY PATROL DEPARTMENT OF PUBLIC SAFETY, | § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court is the above-styled cause of action, in which all dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#13].  The record reflects that three of the named Defendants in this case—Troopers Eastburn, Bibby, and Windgate—have not been served with process.  Summonses were issued as to these Defendants on June 10, 2020 and forwarded to the United States Marshals Service for service via certified mail due to the restrictions currently in place because of the COVID-19 pandemic [#12].  However, the summonses were returned unexecuted as undeliverable as addressed [#16].  The address used on the summonses for all three Trooper Defendants is the following address:  1258 Babcock Road,

1

San Antonio, Texas 78201-6644.  An independent search of this address confirms it is the address for an office of the Department of Public Safety, but not headquarters.

The record also reflects that Plaintiff attempted service on Defendant Texas Highway Patrol Department of Public Safety on June 29, 2020.  Although the docket in this case reflects that the summons addressed to DPS was returned executed, DPS has not yet answered or filed another responsive pleading.  The address used on this summons was 5805 N. Lamar Blvd., Austin, Texas 78752-4431, which appears to be the headquarters for DPS.  Rule 4 of the Federal Rules of Civil Procedure requires a state governmental entity to be served by delivering a copy of the summons and complaint to the entity's chief executive officer.  *See* Fed. R. Civ. P. 4(j)(2).  The summons issued to DPS is not addressed to any individual officer of DPS, only DPS as a general entity.  (Summons [#17] at 3.)  Although this summons was mailed via certified mail to DPS and was indeed delivered to DPS, it is unclear to the Court whether service was properly executed.

In light of these issues with service, the Court will instruct Plaintiff to attempt reservice of DPS and the three Trooper Defendants, using the Lamar Blvd. address or another proper address for these Defendants, if any.  If Plaintiff no longer intends to pursue his claims against these Defendants, he may file a notice of voluntary dismissal pursuant to Rule 41.

**IT IS THEREFORE ORDERED** that within ten (10) days of the date of this Order, Plaintiff shall submit to the Clerk's Office a fully completed United States Marshal Service Form 285 for Defendants Texas Department of Public Safety, as well as DPS Troopers Eastburn, Bibby, and Windgate, using the address for DPS on Lamar Blvd. in Austin, Texas or an alternative new address for Defendants.  The United States Marshal's Service shall serve each

Defendant with a copy of the Complaint and a copy of this order by certified mail, return receipt requested.

SIGNED this 11th day of September, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE