IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT J. ESQUIVEL, | § § | |
| *Plaintiff,* | § § | SA-20-CV-00377-OLG |
| vs. | § § | |
| DAVID KENDRICK, BADGE #0567, PATROL DIVISION, SAN ANTONIO POLICE DEPARTMENT; TROOPER FNU EASTBURN, #14720, TEXAS DEPARTMENT OF PUBLIC SAFETY; TROOPER FNU BIBBY, #14593, TEXAS DEPARTMENT OF PUBLIC SAFETY; TROOPER FNU WINDGATE, #13157, TEXAS DEPARTMENT OF PUBLIC SAFETY;  SAN ANTONIO POLICE DEPARTMENT,  TEXAS HIGHWAY PATROL DEPARTMENT OF PUBLIC SAFETY, | § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

## SHOW CAUSE ORDER

Before the Court is the above-styled cause of action, which has been referred to the undersigned for all pretrial proceedings [#13]. The record reflects that on October 7, 2020, the District Court adopted the undersigned's report and recommendation and granted the motion to dismiss filed by Defendants David Kendrick and the San Antonio Police Department ("SAPD"), dismissing all claims asserted against these two Defendants. There are four remaining Defendants in this case—the Texas Department of Public Safety ("DPS") and Troopers Eastburn, Bibby, and Windgate.

The record reflects that summonses were issued as to the Trooper defendants on June 10, 2020, and forwarded to the United States Marshals Service for service via certified mail due to the restrictions currently in place because of the COVID-19 pandemic [#12]. However, the

summonses were returned unexecuted as undeliverable as addressed [#16]. The address used on the summonses for all three Trooper Defendants is the following address: 1258 Babcock Road, San Antonio, Texas 78201-6644. An independent search of this address confirms it is the address for an office of the Department of Public Safety, but not headquarters.

The record also reflects that Plaintiff attempted service on Defendant Texas Highway Patrol Department of Public Safety on June 29, 2020. Although the docket in this case reflects that the summons addressed to DPS was returned executed, DPS has not yet answered or filed another responsive pleading. The address used on this summons was 5805 N. Lamar Blvd., Austin, Texas 78752-4431, which appears to be the headquarters for DPS.

Rule 4 of the Federal Rules of Civil Procedure requires a state governmental entity to be served by delivering a copy of the summons and complaint to the entity's chief executive officer. *See* Fed. R. Civ. P. 4(j)(2). The summons issued to DPS is not addressed to any individual officer of DPS, only DPS as a general entity. (Summons [#17] at 3.) Although this summons was mailed via certified mail to DPS and was indeed delivered to DPS, it is unclear to the Court whether service was properly executed.

In light of these issues with service, the Court issued an Order on September 11, 2020, directing Plaintiff to attempt reservice of DPS and the three Trooper Defendants, using the Lamar Blvd. address or another proper address for these Defendants, if any. The Court also informed Plaintiff that if Plaintiff he longer intends to pursue his claims against these Defendants, he may file a notice of voluntary dismissal pursuant to Rule 41. The Court gave Plaintiff ten days to submit new requests for summonses, making them due on or before September 21, 2020.

The only filing the Court received from Plaintiff since this Order was issued was his objections to the undersigned's report and recommendation on Defendants Kendrick and SAPD's motion to dismiss [#26]. This filing does not contain any response regarding service of the four remaining Defendants. The deadline to request reserve of the remaining Defendants in this lawsuit has now passed.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); Fed. R. Civ. P. 41(b). The Court will therefore provide Plaintiff with the opportunity to show cause for his failure to comply with the Order regarding the service of the remaining three Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff **show cause** within **14 days** of this Order, on or before **October 23, 2020**, for his failure to seek re-service of the remaining Defendants in this suit by doing one of the following:

- Submitting to the Clerk's Office a fully completed United States Marshal Service Form 285 for Defendants Texas Department of Public Safety and DPS Troopers Eastburn, Bibby, and Windgate, addressed to 5805 N. Lamar Blvd., Austin, Texas 78752-4431. The summons addressed to the Texas Department of Public Safety should include the name of DPS's chief executive officer.

- Submitting an advisory under Rule 41 of the Federal Rules of Civil Procedure that he does not intend to pursue his claims against these parties and instead requests the dismissal of the remaining claims and Defendants named in this action;

- Requesting additional time to re-serve Defendants.

A failure to do so will result in the dismissal of this case for want of prosecution.

SIGNED this 9th day of October, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE