IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT J. ESQUIVEL, | § § § | |
| *Plaintiff,* | § § | SA-20-CV-00377-OLG |
| vs. | § § § | |
| TROOPER FNU EASTBURN, #14720, TEXAS DEPARTMENT OF PUBLIC SAFETY; TROOPER FNU BIBBY, #14593, TEXAS DEPARTMENT OF PUBLIC SAFETY; TROOPER FNU WINDGATE, #13157, TEXAS DEPARTMENT OF PUBLIC SAFETY, TEXAS HIGHWAY PATROL DEPARTMENT OF PUBLIC SAFETY, | § § § § § § § § § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendant Texas Department of Public Safety's Motion to Dismiss with Brief in Support [#32] and Defendants Bibby, Eastburn and Windgate's Motion to Dismiss with Brief in Support [#33]. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#13]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendants' motions be granted.

Defendants, however, failed to address all of Plaintiff's claims in their motions to dismiss. If Defendants wish to contest the remaining claims, they should file a responsive pleading to that effect.

1

## I. Background

Plaintiff, proceeding *pro se*, filed this action against the San Antonio Police Department ("SAPD"), the Texas Highway Patrol Department of Public Safety ("DPS"), and various officers of these departments (SAPD Officer David Kendrick and DPS Troopers Eastburn, Bibby, and Windgate), alleging that he was subjected to an unlawful arrest and illegal search and seizure on April 29, 2018, following a purported traffic stop. Plaintiff's Original Complaint [#4] advances various constitutional claims under 42 U.S.C. § 1983 related to his rights to free speech, due process, and equal protection, and the right to be free from excessive force, unlawful search and seizure, and cruel and unusual punishment. Plaintiff complains of being wrongfully detained for ten months in the Bexar County Jail on a charge of evading arrest, which was ultimately dismissed on March 18, 2019. After reviewing Plaintiff's Complaint, the Court ordered Plaintiff to file a More Definite Statement prior to permitting service of his Complaint on any Defendant. Plaintiff's More Definite Statement [#7] references additional claims of defamation, slander, and intentional infliction of emotional distress.

The Court concluded that Plaintiff had pleaded at least one non-frivolous claim and permitted service of his Complaint. Plaintiff subsequently filed an Amended Complaint [#10], adding allegations related to the practice of strip searching inmates at the Bexar County Detention Center without cause and referencing class actions challenging such practices on constitutional grounds.

Defendants David Kendrick and SAPD subsequently filed a motion to dismiss, and the Court granted the motion on October 7, 2020, dismissing all of Plaintiff's claims against these Defendants. There were some issues related to service of the other four Defendants—DPS and Troopers Eastburn, Bibby, and Windgate (hereinafter "the Trooper Defendants"). After service

was finally effectuated, these Defendants filed the motions to dismiss that are the subject of this report and recommendation.  For the reasons that follow, the motions should be granted.

## II.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted).  However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim.  *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).  In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief.  *See Twombly*, 550 U.S. at 570.

This Court is mindful that in evaluating the merits of Defendants' motions to dismiss, this Court views Plaintiff's *pro se* pleadings under a less stringent standard than those drafted by an

attorney. *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983). As a result, Plaintiff's filings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from these pleadings. *See id.*

### III. Analysis

Plaintiff's pleadings appear to allege causes of action under 42 U.S.C. § 1983 for the following constitutional violations and state law tort claims: (1) violation of his Fourth Amendment right to be free from unlawful search, seizure, and arrest during a traffic stop; (2) violation of his Fourth Amendment right to be free from excessive force during this seizure; (3) violation of his Eighth Amendment right to be free from cruel and unusual punishment; (4) violation of his Fifth Amendment rights based on a failure of arresting officers to follow police procedures during his arrest; (5) violation of his First Amendment right to free speech; (6) malicious prosecution; (7) intentional infliction of emotional distress; and (8) defamation and slander. DPS and the Trooper Defendants move for dismissal of several of Plaintiff's claims for failure to state a claim upon which relief can be granted. The motions should be granted.

**A.     Plaintiff's Section 1983 claims against DPS and the Trooper Defendants in their official capacities should be dismissed.**

Section 1983 prohibits "persons" acting under the color of law from depriving another of any "rights, privileges, and immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, Plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Doe ex rel. Magee v. Covington County Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012).

The sole argument raised in DPS's two-page motion to dismiss is that Plaintiff's Section 1983 claims against DPS must be dismissed because DPS is not a "person" for purposes of Section 1983. The undersigned agrees that these claims should be dismissed against DPS.

It is well-established that States are not persons within the meaning of Section 1983, and Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989). By extension, neither are state agencies, such as DPS. *Hyatt v. Sewell*, 197 Fed. App'x 370 (5th Cir. 2006) (per curiam). DPS's motion to dismiss as to Plaintiff's Section 1983 claims should be granted.

Plaintiff's pleadings do not make clear whether he is suing the Trooper Defendants in their individual or official capacities, or both. The Court construes Plaintiff's allegations liberally and assumes Plaintiff is attempting to bring both types of claims.

The Trooper Defendants ask the Court to dismiss Plaintiff's official-capacity constitutional claims. The Court should grant the motion. Official-capacity suits are merely another way of pleading an action against an entity of which a public officer is an agent and are therefore treated as suits against the State. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Accordingly, insofar as Plaintiff is attempting to sue the Trooper Defendants in an official capacity under Section 1983, these claims must be dismissed.

**B.     Plaintiff's Section 1983 claims of false arrest and malicious prosecution against the Trooper Defendants in their individual capacities should be dismissed.**

The Trooper Defendants invoke the defense of qualified immunity as to Plaintiff's claims of false arrest and malicious prosecution. These claims should be dismissed.

Qualified immunity shields federal and state officials from individual liability for civil damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or

5

constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Lower courts have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

In the context of a qualified immunity analysis, the facts are construed in the light most favorable to the party asserting the injury. *Austin v. Johnson*, 328 F.3d 204, 207 (5th Cir. 2003) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). A right is clearly established for purposes of the second step of the qualified-immunity analysis if it would be clear to a reasonable official, at the time of the challenged conduct, that his or her conduct violated the statutory or constitutional right at issue. *Saucier*, 533 U.S. at 206. Stated another way, a right is clearly established if "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

The Supreme Court has repeatedly admonished lower courts not to define clearly established law at a high level of generality. *See, e.g.*, *al-Kidd*, 563 U.S. at 742. Rather, the inquiry must be undertaken in light of the specific factual context of the case. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). The dispositive question is "whether the violative nature of particular conduct is clearly established." *al-Kidd*, 563 U.S. at 742. However, there need not be a specific precedent on point that presents identical or even factually analogous circumstances for a defendant to be on notice that their conduct violates the Constitution. *Taylor v. Riojas*, --U.S.--, 141 S. Ct. 52, 53–54 (2020) (per curiam) (citing *Hope v. Peltzer*, 536 U.S. 730, 741 (2002) ("a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question")).

Plaintiff has failed to allege that the Trooper Defendants violated a clearly established constitutional right to be free from false arrest or malicious prosecution.  A Section 1983 claim of false arrest requires allegations regarding false or omitted information in a probable cause affidavit, a lack of probable cause to arrest, and allegations that demonstrate no "reasonably competent officer possessing the information that the [affiant] had at the time he swore his affidavit could have concluded that a warrant should issue." *Freeman v. Cnty of Bexar*, 210 F.3d 550, 553 (5th Cir. 2000).  These elements do not square with the allegations in Plaintiff's pleadings regarding the Trooper Defendants.

The only allegations against the Trooper Defendants in Plaintiff's pleadings are as follows.  On April 29, 2018, Plaintiff was stopped by the DPS Troopers for a purported traffic stop.  (More Def. Statement [#7], at 4.)  Two DPS troopers approached his vehicle, one on each side of the car.  (*Id.*)  The trooper on the driver's side had his weapon drawn and shone a blinding flashlight in Plaintiff's face, then grabbed Plaintiff's cell phone out of his hand, threw it to the ground and physically forced Plaintiff to the ground.  (*Id.* at 4–5.)  The trooper on the passenger side allegedly broke the passenger window for unknown reasons.  (*Id.* at 5.)  Although the DPS Troopers are not discussed in relation to any events after the traffic stop, Plaintiff's pleadings additionally allege that he was arrested by SAPD Officer Kendrick and he was taken to a detention center and ultimately transferred to the Bexar County Jail System, where he was held for 10 months and 20 days, until the charges for evading arrest with a vehicle were ultimately dismissed in March 2019.  (*Id.* at 7–9.)

Plaintiff's pleadings do not contain any allegations as to the reason for the initial traffic stop, the details surrounding his arrest, or assertions that probable cause was lacking.  The only allegation regarding Plaintiff's arrest is that SAPD Officer Kendrick, a Defendant who has

7

already been dismissed from this suit, was the arresting officer, not any of the Trooper Defendants. There are no allegations in any of Plaintiff's pleadings about any of the DPS Troopers after he alleges they made the traffic stop.  Plaintiff's pleadings and his response to Defendants' motions [#34] emphasize that the charges against Plaintiff (for which he was detained for ten months) were ultimately dismissed.  Although the Court acknowledges the hardships undeniably suffered by Plaintiff during this lengthy detention, the fact that the charges against Plaintiff were ultimately dismissed is irrelevant to the probable cause analysis, which focuses on what the officer could have reasonable believed as to whether there was probable cause for an arrest at the time of the arrest.  *See Pierson v. Ray*, 386 U.S 547, 555 (1967) ("[A] peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved.").  Plaintiff has failed to state a claim for false arrest against the Trooper Defendants.

Insofar as Plaintiff is attempting to sue the Trooper Defendants for malicious prosecution pursuant to Section 1983, this claim fails as a matter of law.  The Supreme Court has stated that a Section 1983 claim based solely on malicious prosecution, without more, is not cognizable as "causing charges to be filed without probable cause [does] not without more violate the Constitution."  *Castellano v. Frago*, 352 F.3d 939, 953 (5th Cir. 2003).  Any malicious prosecution claim against the Trooper Defendants in their individual capacity must also be dismissed.

**C.     Plaintiff's remaining federal and state-law tort claims should not be dismissed.**

DPS and the Trooper Defendants' extremely brief motions to dismiss fail to address numerous claims identified by the Court in its prior report and recommendation.  The undersigned's previous report and recommendation construed Plaintiff's pleadings as containing

the following claims: (1) violation of his Fourth Amendment right to be free from unlawful search, seizure, and arrest during a traffic stop; (2) violation of his Fourth Amendment right to be free from excessive force during this seizure; (3) violation of his Eighth Amendment right to be free from cruel and unusual punishment; (4) violation of his Fifth Amendment rights based on a failure of arresting officers to follow police procedures during his arrest; (5) violation of his First Amendment right to free speech; (6) malicious prosecution; (7) intentional infliction of emotional distress; and (8) defamation and slander.

The only claims addressed by the Trooper Defendants in their motion are Plaintiff's claims of false arrest and malicious prosecution pursuant to Section 1983. The only claims addressed by DPS in its motion are Plaintiff's Section 1983 claims. Although the Court could raise various legal issues with Plaintiff's claims *sua sponte*, the Court declines to do so here. The Court carries a large caseload, a significant portion of which are cases filed by *pro se* litigants. The Court expects counsel to give the Court and *pro se* litigants the consideration they deserve and to respond to all claims. Although it can be difficult to parse and interpret *pro se* pleadings, the Court already construed Plaintiff's pleadings and informed Defendants of the claims it found to be asserted therein. Defendants did not even attempt to address the claims previously identified by the Court in its prior report and recommendation.

The Court is particularly concerned that the DPS Troopers did not address Plaintiff's Fourth Amendment claim of excessive force and unreasonable search and seizure.[1] Plaintiff alleges he was thrown to the ground and his cell phone and car window were smashed by DPS Troopers during a traffic stop. A traffic stop is a seizure within the meaning of the Fourth Amendment. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). Construing Plaintiff's pleadings

---

[1] Most of the other claims do not appear to involve the DPS Troopers and could have been easily and summarily addressed in the motion to dismiss.

liberally, Plaintiff alleges that the traffic stop was illegal and the force used to effectuate it was excessive. A seizure becomes unlawful when it is "more intrusive than necessary." *Florida v. Royer*, 460 U.S. 491, 504 (1983). "Excessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment." *United States v. Ramirez*, 523 U.S. 65, 71 (1998). Courts must look to "the totality of the circumstances to determine whether the destruction of property was reasonably necessary to effectuate the performance of the law enforcement officer's duties." *Kincheloe v. Caudle*, No. A-09-CA-010-LY, 2009 WL 3381047, at *7 (W.D. Tex. Oct. 16, 2009) (citing *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 975 (9th Cir. 2005)).

Qualified immunity is an affirmative defense that must be pleaded and proven. The Trooper Defendants have not responded to Plaintiff's Fourth Amendment excessive force and illegal search and seizure claims and have not asserted qualified immunity as to these claims. If the Trooper Defendants intend to do so, they must file a responsive pleading to that effect.

## IV.  Conclusion and Recommendation

Having considered Defendants' motions, Plaintiff's response thereto, the pleadings, and the governing law, the undersigned recommends that Defendant Texas Department of Public Safety's Motion to Dismiss with Brief in Support [#32] and Defendants Bibby, Eastburn and Windgate's Motion to Dismiss with Brief in Support [#33] be **GRANTED** as follows:

- Plaintiff's Section 1983 claims against the Department of Public Safety should be dismissed.

- Plaintiff's Section 1983 claims against the Trooper Defendants in their official capacities should be dismissed.

- Plaintiff's Section 1983 claims of false arrest and malicious prosecution against the Trooper Defendants in their individual capacity should be dismissed.

The following claims remain pending: (1) Plaintiff's Fourth Amendment excessive force and unlawful search and seizure claims against the DPS Troopers in their individual capacity; (2) Plaintiff's due process claims against the DPS Troopers in their individual capacity; (3) Plaintiff's Eighth Amendment claims (which, because Plaintiff was a pretrial detainee, should be construed under the Fourteenth Amendment) against the DPS Troopers in their individual capacity; (4) Plaintiff's First Amendment claim against the DPS Troopers in their individual capacity; (5) Plaintiff's tort claims of malicious prosecution, intentional infliction of emotional distress, and defamation and slander against DPS and the Trooper Defendants.

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained

in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 28th day of April, 2021.

                                  ELIZABETH S. ("BETSY") CHESTNEY
                                  UNITED STATES MAGISTRATE JUDGE