IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT J. ESQUIVEL, | § § § | |
| *Plaintiff,* | § § | SA-20-CV-00377-OLG |
| vs. | § § § | |
| LOGAN EASTBURN, DPS, TROOPER #14720; RYAN BIBBY, DPS, TROOPER #14593; NICHOLAS WINGATE, DPS, TROOPER #13157; AND TEXAS HIGHWAY PATROL DEPARTMENT OF PUBLIC SAFETY, | § § § § § § § § § | |
| *Defendants.* | § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's Motion for Time Extension [#48]. By his motion, Plaintiff, who is proceeding *pro se*, asks the Court for an extension of time to file an amended complaint. Plaintiff's motion indicates that he desires to amend his complaint to add additional claims and needs additional time to allow full discovery in order to properly identify the additional claims for his amended pleading. Plaintiff also wants additional time to seek legal representation. Plaintiff's motion essentially asks the Court to extend the deadline for filing motions for leave to file amended pleadings. For the reasons that follow, the Court will deny the motion.

Plaintiff filed his Original Complaint on March 24, 2020. After obtaining leave to proceed *in forma pauperis*, Plaintiff submitted a More Definite Statement to clarify the factual allegations underlying his Complaint [#7]. Plaintiff thereafter filed a First Amended Complaint [#10], amending his pleading once as a matter of course under Rule 15 of the Federal Rules of Civil Procedure. Since the filing of Plaintiff's First Amended Complaint, there have been two

1

rounds of motions to dismiss filed and resolved by this Court. The District Court's Orders on these motions to dismiss have significantly narrowed the parties and claims pending in this lawsuit. In September 2021, the undersigned entered a Scheduling Order to govern this case, based on the joint proposed scheduling recommendations agreed to by all parties. The governing Scheduling Order imposed a deadline of October 15, 2021, to file any motion for leave to file an amended pleading [#47]. Plaintiff timely filed his motion for an extension of time on October 15, 2021, prior to the expiration of the Scheduling Order deadline.

Rule 16 of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This "good cause" standard focuses on the diligence of the party seeking to modify the scheduling order. *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). The movant must show that, despite his diligence, he could not reasonably have met the scheduling deadline. *Id.* In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation; (2) the importance of the requested relief; (3) potential prejudice in granting the relief; and (4) the availability of a continuance to cure such prejudice. *Id.* at 536.

This case has been pending for almost 20 months. Plaintiff has already had the opportunity to amend his pleadings on two different occasions—once through a More Definite Statement and once as a matter of course. Defendants' motions to dismiss were filed in July 2020 and January 2021. Plaintiff was therefore on notice for almost ten months as to some of the possible defects with his claims but nonetheless waited until October 2021 to ask the Court for an extension of time to seek further amendment. Plaintiff has not provided the Court with an adequate explanation to explain this delay, aside from his asserted need for additional discovery

and his desire to bring new and additional claims. The Court finds that adding additional causes of action at this late juncture, after the claims and parties have already been narrowed, will cause significant prejudice to Defendants. Plaintiff has not demonstrated that he has acted diligently in amending his pleadings or established the good cause necessary to receive an extension of time.

The Court reminds Plaintiff that the discovery period expires on February 14, 2022. If Plaintiff wants discovery from Defendants, he should act diligently in requesting documents or admissions, in serving interrogatories, or seeking the scheduling of depositions. The Court again directs Plaintiff to the following resources to assist him in prosecuting his case:

- The Federal Rules of Civil Procedure, available at: www.uscourts.gov/file/rules-civil-procedure

- This Court's Local Rules, available at https://www.txwd.uscourts.gov/court-information/lcr-civil-rules/

- The "Complete Pro Se Manual" which is available on the Court's website at: https://www.txwd.uscourts.gov/filing-without-an-attorney/.

Plaintiff is directed to familiarize himself with these resources. Also, although *pro se* litigants are held to a less stringent standard, they are nevertheless required to follow the rules that govern all litigants in federal court. *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995). These rules include but are not limited to the rules and Court orders regarding conference with opposing counsel, following deadlines imposed by the rules and the Court's Scheduling Order, observing the response times for motions as set forth in Local Rule CV-7(d), and keeping the Court updated with a current address to ensure all filings are received.

Finally, regarding Plaintiff's request for additional time to find counsel, Plaintiff has already sought the appointment of counsel, and the District Court recently declined to exercise its discretion to appoint him an attorney. In doing so, the District Court found that Plaintiff had not established exceptional circumstances to entitle him to counsel in this civil case. Plaintiff's

motion for extension of time requests $10,000 in emergency funds so that he may obtain legal representation. Insofar as Plaintiff is renewing his request for the appointment of counsel, this request is also denied. If Plaintiff's claims proceed to trial, Plaintiff may again request an appointment for this stage of the proceedings.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Time Extension [#48] is **DENIED**.

SIGNED this 17th day of November, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE