IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT J. ESQUIVEL, | § § § | |
| *Plaintiff,* | § § § | SA-20-CV-00377-OLG |
| vs. | § § § | |
| LOGAN EASTBURN, DPS, TROOPER #14720; RYAN BIBBY, DPS, TROOPER #14593; NICHOLAS WINGATE, DPS, TROOPER #13157; AND TEXAS HIGHWAY PATROL DEPARTMENT OF PUBLIC SAFETY, | § § § § § § § § | |
| *Defendants.* | § | |

# **ORDER**

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Motion for a Preliminary Injunction [#50] and Plaintiff's Motion for Sanction [#51]. The Court ordered Defendants to respond to the motions. Defendants filed their response as ordered on January 3, 2022 [#53]. Having considered the motions and response and record in this case, the Court will deny the motions.

By this suit, Plaintiff claims Defendants subjected him to an unlawful search and seizure and arrest, among other claims, in violation of 42 U.S.C. § 1983. The record reflects that shortly after the Court entered its Scheduling Order, Plaintiff filed a motion seeking to modify the deadlines contained therein, due to a need for additional discovery and to amend the pleadings. The Court denied Defendant's request to modify and reiterated that the discovery period expires on February 14, 2022 [#49]. In the Order, the Court directed Plaintiff to be diligent in requesting documents, serving interrogatories, and seeking to schedule depositions.

1

Plaintiff's "Motion for a Preliminary Injunction," though titled as such, in fact asks the Court to reconsider its denial of Plaintiff's motion to modify the Scheduling Order. The motion describes Plaintiff's efforts to communicate with Defendants' counsel in an attempt to reach an agreement on modifying the Scheduling Order, which were unsuccessful. Plaintiff's motion also, however, asks the Court to grant an injunction "against defendant's motion to dismiss" based on Defendants' claim that they are entitled to qualified immunity "or any other motion filed by the defendants to dismiss the charges against them" until they have satisfied the Federal Rules of Civil Procedure. Yet there is no motion to dismiss pending in this case. Plaintiff then goes on to discuss the merits of his case and his belief that Defendants violated his constitutional right to be protected from unlawful search and seizure and asks the Court to order Defendants to submit an affidavit or more definite statement to clarify to the Court how their actions were within the scope of their authority.

The Court will construe Plaintiff's motion for preliminary injunction as a motion for reconsideration of a prior order regarding the modification of a scheduling order and a motion to compel discovery, both of which seek non-dispositive relief. Accordingly, the Court has authority to issue this Order disposing of the motion in accordance with 28 U.S.C. § 636(b)(1)(A).

Plaintiff's motion for sanction asks the Court to sanction Defendants for violating Rule 11(b) of the Federal Rules of Civil Procedure, accusing Defendants of failing to provide any specific evidence that they were acting within the scope of their duties and instead filing several motions to dismiss asserting a general (and unfounded) defense of qualified immunity. This motion also complains of Defendants' failure to cooperate with discovery.

Defendants' response to the motions explains that prior to Plaintiff filing the pending motions, he called counsel for Defendants asking for their agreement to extend the Scheduling Order so he could have additional time to conduct discovery. Counsel directed Plaintiff to the previous order of the Court instructing Plaintiff to serve discovery. To date, Plaintiff still has not served any discovery requests on Defendants or sought any depositions. As Plaintiff has not served discovery, there is no basis to impose sanctions against Defendants for failure to cooperate with the discovery process. Both parties should have served each other with their initial disclosures at the beginning of the case. *See* Fed. R. Civ. P. 26(a)(1). If they have not done so already, they should do so within the next two weeks.

Additionally, insofar as Plaintiff desires Defendants to produce evidence of the constitutionality of their actions underlying this case, Plaintiff may obtain this information by serving Defendants with requests for production (to obtain documents related to the incidents in question). *See* Fed. R. Civ. P. 34. Plaintiff may also obtain sworn answers to questions about the incidents in questions by serving Defendants with interrogatories pursuant to Fed. R. Civ. P. 33 or by noticing Defendants' depositions pursuant to Fed. R. Civ. P. 30 (at which Plaintiff may ask Defendants questions in person about their conduct and the incidents in question). The Federal Rules of Civil Procedure can be accessed on the Western District of Texas website and contain rules regarding the exchange of discovery. *See* https://www.txwd.uscourts.gov/court-information/appellate-federal-and-local-court-rules/ (last visited Jan. 6, 2022).

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Motion for a Preliminary Injunction [#50] and Plaintiff's Motion for Sanction [#51] are **DENIED**.

**IT IS FURTHER ORDERED** that if Plaintiff or Defendants have not yet served their Rule 26 initial disclosures, they should do so on or before **January 20, 2022**.

**IT IS SO ORDERED.**

SIGNED this 6th day of January, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE