IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT J. ESQUIVEL, § | |
| § | |
| *Plaintiff,* § | SA-20-CV-00377-OLG |
| § | |
| vs. § | |
| § | |
| LOGAN EASTBURN, DPS, TROOPER § | |
| #14720; RYAN BIBBY, DPS, TROOPER § | |
| #14593; NICHOLAS WINGATE, DPS, § | |
| TROOPER #13157; AND TEXAS § | |
| HIGHWAY PATROL DEPARTMENT OF § | |
| PUBLIC SAFETY, § | |
| § | |
| *Defendants.* | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's *pro se* Motion to Compel [#56]. Plaintiff's motion states that he submitted a formal request for discovery via e-mail to Defendants prior to filing this motion but has not received a response. He also demands a "revised statement" of certain documents, such as the report of the incident in question, already received in discovery. The Court ordered Defendants to respond to the motion to clarify the status of discovery in this case. Defendants filed the response as ordered [#58].

Defendant's response asks the Court to deny the motion to compel for failure to include a certificate of conference attesting that Plaintiff conferred in good faith prior to filing the motion. *See* Fed. R. Civ. P. 37(a)(1) (requiring a party moving for an order compelling disclosure or discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"). This Court has discretion to deny or refuse to rule on a motion to compel

1

that does not contain the required certification. *See Greer v. Bramhall*, 77 Fed. App'x 254, 255 (5th Cir. 2003).

Plaintiff failed to include a certificate of conference, and this Court would be within its discretion to deny the motion to compel on that basis. The Court has in previous orders reminded Plaintiff of his obligations to comply with the Local Rules and the Federal Rules of Civil Procedure, and even provided Plaintiff with links to access the rules. The certificate of conference requirement is important, especially in the context of discovery, where disputes and different interpretations can often be resolved via direct communication between the parties. Nevertheless, despite having the discretion to deny Plaintiff's motion for his failure to confer and failure to follow the rules, the Court will consider the motion on its merits. It should be denied.

Attached to Defendants' motion are requests for admission Plaintiff served on Defendants' counsel via e-mail on February 10, 2022. (*See* Ex. A [#58-1].) Defendants indicate that they have not yet responded to this discovery request and the time to do so has not yet expired. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . ."). Accordingly, Defendants' responses to Plaintiff's requests for admission served on February 10, 2022, are not due until Monday, March 14, 2022. *See id.* at 6(a)(1)(C) (dictating that when computing time for purposes of a response or otherwise, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). The Court agrees with Defendants that the 30-day period for responding to Plaintiff's discovery has not yet expired, and the motion to compel is therefore premature.

The Court emphasizes to Plaintiff that Defendant has indicated it will respond to Plaintiff after this 30-day period has expired even though Defendant is not technically required to. The discovery served by Plaintiff is late, as the deadline to respond to Plaintiff's requests for admission served on February 10, 2022, is after the expiration of the discovery deadline. *See* Loc. R. CV-16(e) ("Written discovery is not timely unless the response to that discovery would be due before the discovery deadline.").

Additionally, Defendants' response establishes that Plaintiff served Defendants' counsel with additional requests for admission, requests for production, and interrogatories on February 15 and 16, 2022, via e-mail. (*See* Ex. B. [#58-2].) Defendants argue that these requests are untimely and therefore no response is required. The Scheduling Order in place in this case states that the discovery period expired on February 15, 2022 [#47]. Plaintiff moved for an extension of time to file an amended complaint on October 15, 2021, and the Court denied the motion [#49]. In the Order denying the motion, the Court reminded Plaintiff of the February 15, 2022 discovery deadline. The Court also referred Plaintiff to the various resources available to *pro se* litigants to assist him with the prosecution of his case. The Court again reiterated this deadline in its order dated January 6, 2022 [#54]. The Court's Local Rules make clear that Defendant is not required to respond to Plaintiff's untimely discovery requests. *See* Loc. R. CV-16(e) ("The responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline.").

Finally, Defendants list for the Court those documents already disclosed to Plaintiff, which include various incident reports regarding the policy with encounter with Plaintiff on the day in question and the bodycam video recording of Trooper Bibby pertaining to the incident. Defendants state that the disclosed documents were the incident and pursuit reports as they were

originally created and maintained. Plaintiff's motion states that the documents are unsatisfactory.

In responding to a request for production, a party is only required to produce non-privileged, responsive documents that exist and that are in the responding party's possession and control. *See* Fed. R. Civ. P. 34(a)(1). The responding party is not required to create or modify documents. To the extent that Plaintiff is seeking additional information beyond what the documents address, Plaintiff could have timely served additional discovery seeking clarification on these documents or additional information or noticed the deposition of any party or witness. Yet, Plaintiff never noticed any depositions and failed to timely serve the interrogatories pertaining to the documents attached at Exhibit B within the discovery period.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Motion to Compel [#56] is **DENIED**.

SIGNED this 11th day of March, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE